UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

AMERICAN GENERAL LIFE
INSURANCE COMPANY,

    Plaintiff,

vs.                                                  Case No: 2:13-cv-224-Ftm-99DNF

LUCKNER THELUS, individually;
LUCKNER THELUS, as parent and
natural guardian of A.T., a minor; and,
LUCKNER THELUS, as parent and
natural guardian of S.T., a minor,

    Defendants.
_____/

## ORDER[1]

This matter comes before the Court on the Plaintiff, American General Life Insurance Company's Motion for the Entry of a Final Judgment against Defendant, Luckner Thelus ("Defendant"), in his individual capacity and in his capacity as parent and natural guardian of A.T., a minor, and S.T., a minor (Doc. #18) filed on July 02, 2013. No response or opposition has been filed by the Defendant and the time to do so has expired. The Motion is now ripe for review.

A district court may enter a default judgment against a properly served defendant who fails to defend or otherwise appear pursuant to Federal Rule of Civil Procedure 55(b)(2). ABS-SOS Plus Partners Ltd. v. Vein Associates of America, Inc., WL 5191701

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court

1

*1-2 (M.D. December 10, 2008) (citing DirecTV, Inc. v. Griffin, 290 F. Supp.2d 1340, 1343 (M.D. Fla.2003). In this instance, the Defendant was properly served on March 28, 2013. (Doc. #9-11). The Plaintiff moved for Entry of Clerk's default on May 13, 2013. On June 13, 2013, the Magistrate Judge issued an Order (Doc #16) granting Plaintiff's Motion for Entry of Clerk's Default against Defendant, for his failure to respond to Plaintiff's Complaint after service. A Clerk's Entry of Default (Doc. #17) was issued on June 14, 2013, against Defendant. To date the Defendant has failed to answer, respond or otherwise make an appearance in this case. Having determined that the Defendant has failed to answer or otherwise defend against the Complaint, the Court must now look to see if the allegations in the Complaint provide a sufficient legal basis for the entry of a default judgment.

A court may enter a default judgment only if the factual allegations of the complaint, which are assumed to be true, provide a sufficient legal basis for such entry. Nike, Inc. v. Austin, WL 3535500 *1 -2 (M.D. Fla. October 28, 2009) (citing Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir.1975) ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law."). Therefore, in considering a motion for default judgment, a court must "examine the sufficiency of the allegations in the complaint to determine whether the plaintiff is entitled to" a default judgment. Nike, Inc., WL 3535500 at *1 -2 (citing Fid. & Deposit Co. v. Williams, 699 F. Supp. 897, 899 (N.D.Ga.1988)).

On March 22, 2013, Plaintiff filed a Complaint and Demand for Jury Trial (Doc. #1) against Defendants seeking to void a life insurance policy. Plaintiff alleges that the

application for insurance contained misrepresentation(s), omission(s), concealment(s) of fact and/or incorrect statement(s)." (Doc. #18 at 2).

The undisputed facts show that Plaintiff issued a life insurance policy on the life of Denise Celestin on June 7, 2011. The insurance policy at issue named Thelus as 90% beneficiary along with A.T. as a 5% beneficiary and S.T. as a 5% beneficiary. The policy issued was contingent upon satisfaction of several conditions including an accurate and truthful completion of an amendment to the initial application. The Policy amendment was signed on June 22, 2011, which affirmed that the statements made in the application were accurate and complete. On July 12, 2012, Ms. Celestin died and a claim was submitted to Plaintiff. This claim underwent a routine contestable claim investigation at which time Plaintiff discovered that Ms. Celestin had made misrepresentation(s), omission(s), concealment(s) of fact and/or incorrect statement(s) in the application. The facts discovered included that Ms. Celestin did not disclose a history of cancer that pre-dated the application.

Plaintiff is seeking declaratory relief pursuant to 28 U.S.C. § 2201. Plaintiff states that the life insurance policy is void and/or unenforceable because the foregoing misrepresentation(s), omission(s), concealment(s) of fact and/or incorrect statement(s) were fraudulent or material to the acceptance of risk or hazard assumed by Plaintiff. Plaintiff also alleges that had the true facts been known, they would not have issued the same policy to Ms. Celestin. By failing to answer the Complaint, Defendant has admitted that the application for insurance contained misrepresentation(s), omission(s), concealment(s) of fact and/or incorrect statement(s). Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc., 561 F.3d 1298, 1307 (11th Cir. 2009). Therefore, Plaintiff has

established sufficient legal basis for the Court to enter a Default Judgment against Defendant.

## **CONCLUSION**

Based upon the record in this case, the Defendants have failed to answer or otherwise defend against Plaintiff, American General Life Insurance Company's Complaint. Therefore, this Court shall enter a default judgment against the Defendants.

Accordingly, it is now

**ORDERED:**

The Plaintiff, American General Life Insurance Company's Motion for the Entry of a Final Judgment against Defendants (Doc. #18) is **GRANTED**. The Clerk shall enter judgment accordingly, terminate all previously scheduled deadlines and pending motions, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida, this 18th day of July, 2013.

*[signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record